Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 0011 | **DATE** | JULY 6, 2000 |
| **CASE TITLE** | JEANETTE SANCHEZ v. DR. JAIME BALLESTEROS, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Witzig's motion to dismiss the amended complaint is denied. Within two weeks, both defendants shall answer the amended complaint. All discovery shall be completed by October 16, 2000. Status hearing set for August 16, 2000 at 11:00 a.m. At the status hearing, the parties shall present a schedule listing the names, dates, times, and locations for all depositions that are to be taken, including any depositions of experts.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 4 | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL 07 2000 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | M+ | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 07/06/2000 | |
| | | date mailed notice | |
| WJS | courtroom deputy's initials | MQM | |
| | Date/time received in central Clerk's Office | mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**JUL 0 7 2000**

JEANNETTE SANCHEZ,           )
                             )
            Plaintiff,       )
                             )
      v.                     )   No. 00 C 0011
                             )
DR. JAIME BALLESTEROS and    )
DR. JOHN W. WITZIG,          )
                             )
            Defendants.      )

## MEMORANDUM OPINION AND ORDER

In her two-count amended complaint, plaintiff Jeannette Sanchez alleges that she received negligent treatment for her protruding teeth. Named as a defendant, is Dr. Jaime Ballesteros, who did the actual dental work. Also named as a defendant is Dr. John Witzig, who provided Ballesteros with advice regarding plaintiff's treatment. It is also alleged that Ballesteros had been a student in an Orthodontics course promoted and taught by Witzig. In Count I, plaintiff alleges that both defendants provided negligent dental treatment. In Count II, plaintiff alleges that Ballesteros provided negligent treatment in that he failed to disclose to plaintiff that he was relying on Ballesteros's advice in treating plaintiff.



At the time she received the dental treatment, plaintiff was residing in Illinois and the dental work was performed in Illinois. At the time she filed the complaint, she was a resident of California. Ballesteros is a resident of Illinois. Witzig is a resident of Minnesota and did not come to Illinois to provide any treatment or advice regarding plaintiff. The advice Witzig provided was via telephone or correspondence. Plaintiff claims damages in excess of $75,000. Subject matter jurisdiction in this case is properly based on diversity jurisdiction.

Defendant Witzig moved to dismiss the claim against him in the original complaint on the ground that plaintiff had not adequately complied with 735 ILCS 5/2-622(a)(1), which requires that medical malpractice claims be supported by an affidavit with an accompanying report from an appropriate health professional. Witzig also asserted, without any supporting argument, that an Illinois court does not have personal jurisdiction over him. Plaintiff responded by amending her complaint to add additional allegations supporting personal jurisdiction and by providing a new supporting affidavit and report. Plaintiff also responded with a brief containing arguments concerning personal jurisdiction, but stated that the amended complaint spoke for itself regarding satisfying § 2-622. In his reply, Witzig argues that § 2-622 still is not satisfied, nor personal jurisdiction.

It is appropriate to decide the question of personal jurisdiction before addressing the merits of whether plaintiff has satisfied the § 2-622 pleading requirements. See Lampe v. Xouth, Inc., 952 F.2d 697, 700 (3d Cir. 1991); Hazel v. Curtiss-Wright Corp., 1990 WL 482125 *1 (S.D. Ind. May 15, 1990). This court has personal jurisdiction over a defendant in a diversity case only if an Illinois court would have personal jurisdiction. Steel Warehouse of Wisconsin, Inc. v. Leach, 154 F.3d 712, 714 (7th Cir. 1998); RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1275 (7th Cir. 1997). Additionally, jurisdiction over the defendant must be consistent with constitutional due process. Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd., 100 F.3d 1353, 1359-60 (7th Cir. 1996); Michael J. Neuman & Associates, Ltd. v. Florabelle Flowers, Inc., 15 F.3d 721, 725 (7th Cir. 1994). The burden is on plaintiff to show there is proper jurisdiction. Steel Warehouse, 154 F.3d at 714; RAR, 107 F.3d at 1276. For purposes of ruling on the question of personal jurisdiction, all uncontroverted facts alleged in the complaint, all facts adequately supported by any affidavit of plaintiff, and all uncontroverted facts supported by defendant's affidavits are assumed to be true. See McIlwee v. ADM Industries, Inc., 17 F.3d 222, 223 (7th Cir. 1994); Weidner Communications, Inc. v. H.R.H. Prince Bandar Al Faisal, 859 F.2d 1302, 1306 n.7 (7th Cir. 1988); Turnock v. Cope, 816 F.2d 332,

333 (7th Cir. 1987); Euromarket Designs, Inc. v. Crate & Barrel Ltd., 96 F. Supp. 2d 824, ___ (N.D. Ill. 2000). Plaintiff provides no affidavit and Witzig provided no affidavit with his initial motion.[1] Witzig did attach an affidavit to his reply, but even if it should be considered, it does not contradict any of the facts alleged in the complaint. Therefore, the facts alleged in the complaint will be assumed to be true for purposes of ruling on personal jurisdiction.

According to the allegations of the complaint, Ballesteros is licensed in Illinois as a general practitioner of dentistry. He does not have a specialty license in orthodontics. Witzig is also a general practitioner of dentistry, but based in Minnesota. Witzig also operates the Orthodontics Success program, a for-profit interstate continuing education program for dentists and pedodontists in which Witzig teaches orthodontics and TMJ treatments, as well as business practices. That business is based in Minnesota, but it solicits students nationally and internationally via the mails and hosts seminar programs in various states, including Illinois. It is a four-session program and students can order videotapes of sessions that they miss. Upon completion of the course, Witzig provides an Orthodontics certificate. For an additional charge, Witzig writes out

---

[1] Plaintiff provides a copy of a pamphlet advertising Witzig's seminars, but it does not add significantly to the allegations of the complaint.

complete treatments for his graduates to follow with their patients after Witzig reviews models and x-rays the graduates submit to him. Witzig also promises to advise his graduates on important points of treatment they should follow in such cases.

Ballesteros completed Witzig's course. In late 1996, plaintiff began seeing Ballesteros for treatment of her protruding front teeth. Allegedly because of his lack of orthodontics skills, Ballesteros relied on Witzig in determining plaintiff's diagnosis and treatment. Ballesteros sent to Witzig charts, write-ups, models, and other materials related to plaintiff. Ballesteros suggested three possible courses of treatment. Witzig marked the second option[2] as "best" and the first option as "all right." Witzig continued to advise Ballesteros during the course of plaintiff's treatment, which continued until April 1998. Throughout the treatment, Witzig continued to incorrectly advise Ballesteros that the second molar extractions would result in a beautiful smile.

---

[2]The second option involved removing plaintiff's upper second molars. This is alleged to be an improper treatment, which a reasonable practitioner should have recognized, because plaintiff's third molars had previously been extracted. Ballesteros allegedly had specifically noted the prior removal of the third molars and Witzig made a comment indicating he had read this part of plaintiff's history and Witzig also referred to the third molars' removal when he wrote out a treatment plan. Plaintiff alleges that the proper treatment would have been removal of the two bicuspid molars instead of all four second molars. Plaintiff also alleges that the treatment followed failed to make a required adjustment to plaintiff's lower teeth and incorrectly used an appliance to widen the upper arch.

Plaintiff contends there is both specific and general jurisdiction over Witzig. "Specific jurisdiction refers to jurisdiction over a defendant in a suit 'arising out of or related to the defendant's contacts with the forum.'" RAR, 107 F.3d at 1277 (quoting Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984)). Plaintiff contends there is specific jurisdiction based on Witzig's conduct in advising Ballesteros. "General jurisdiction . . . is for suits neither arising out of nor related to the defendant's contacts, and it is permitted only where the defendant has 'continuous and systematic general business contacts' with the forum." RAR, 107 F.3d at 1277 (quoting Helicopteros, 466 U.S. at 416). Plaintiff contends there is general jurisdiction in that Witzig's marketing and teaching of his seminars in Illinois constitute doing business in Illinois.

Illinois's long-arm statute lists various types of conduct or other contact with Illinois that will bring a person within Illinois's long-arm jurisdiction. See 735 ILCS 5/2-209(a)-(c). This includes specific jurisdiction based on the "commission of a tortious act within" Illinois, id. § 2-209(a)(2), and general jurisdiction based on Witzig being "a natural person . . . doing business within" Illinois, id. § 2-209(b)(4). However, Illinois also has a catchall provision permitting the exercise of jurisdiction based "on any other basis

now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." Id. § 2-209(c). Since subsection (c) subsumes the provisions of subsections (a) and (b) which also must comport with state and federal due process provisions, analysis of personal jurisdiction in Illinois is often reduced to the question of whether the state and federal due process requirements are satisfied. See RAR, 107 F.3d at 1276.

The Illinois Supreme Court has stated that the Illinois due process guarantee is not necessarily co-extensive with the federal due process guarantee. See Rollins v. Ellwood, 141 Ill. 2d 244, 565 N.E.2d 1302, 1316 (1990); RAR, 107 F.3d at 1276; FMC Corp. v. Trimac Bulk Transportation Services, Inc., 97 F. Supp. 2d 872, ___ (N.D. Ill. 2000). However, in what aspect the two provisions may differ has not yet been explicated. See RAR, 107 F.3d at 1276; FMC, 97 F. Supp. 2d at ___. Under the Illinois Constitution, "jurisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." RAR, 107 F.3d at 1276 (quoting Rollins, 565 N.E.2d at 1316); FMC, 97 F. Supp. 2d at ___ (same). The federal standard has been summarized as the defendant having "certain minimum contacts with [the state] such that the

maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" RAR, 107 F.3d at 1277 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

The parties do not cite and the court has not found any case that, like this case, involves basing jurisdiction on a defendant outside the state providing substantial guidance and advice to a person acting inside the state. It is clear, however, that Witzig's contacts with Illinois are sufficient to bring him within the specific jurisdiction of an Illinois court. The question could be closer if Ballesteros, purely on his own initiative, had decided to contact a friend, fellow dentist, or former teacher for gratuitous advice. That, however, is not what happened in this case. According to the allegations of the complaint, which are taken as true for present purposes, Witzig marketed his seminars in Illinois and came here to teach them. For an additional fee, Witzig expressly offered to provide advice and guidance regarding future cases of his students. Thus, for payment, Witzig specifically solicited the opportunity to assist Illinois dentists such as Ballesteros in treating their patients. Moreover, Witzig's involvement in plaintiff's treatment was not insignificant nor brief. Witzig received charts, models, and other materials to examine and his advice went well beyond an initial recommendation as to the appropriate treatment to follow.

Further, according to the allegations, Ballesteros did not have the ability to treat plaintiff without guidance from Witzig. Since Witzig solicited business in Illinois and provided substantial guidance for plaintiff's treatment in Illinois, it should come as no surprise that he is required to answer a suit in Illinois. It is fair, just, and reasonable and does not offend notions of fair play to require Witzig to appear in this court. The claim against Witzig will not be dismissed for lack of personal jurisdiction.

Witzig contends plaintiff's claim against him should be dismissed for failure to satisfy 735 ILCS 5/2-622(a)(1).³ This section provides:

> (a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:
> 1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues teaches or has taught within the last 6 years in the same area of health care or medicine that is

---

³Legislation containing 1995 amendments to this statute was held to be unconstitutional. See Best v. Taylor Machine Works, 179 Ill. 2d 367, 689 N.E.2d 1057 (1997). However, 1998 amendments reenacted § 2-622 as a whole and it continues to be applied as amended in 1998. See P.A. 90-579, § 5 (1998); Evans v. Torres, 1999 WL 1010983 *9 n.8 (N.D. Ill. Sept. 30, 1999).

involved in the particular action; (ii) practices
or has practiced within the last 6 years or at
issue in the particular action; and (iii) is
qualified by experience or demonstrated
competence in the subject of the case; that the
reviewing health professional has determined in a
written report, after a review of the medical
record and other relevant material involved in
the particular action that there is a reasonable
and meritorious cause for the filing of such
action; and that the affiant has concluded on the
basis of the reviewing health professional's
review and consultation that there is a
reasonable and meritorious cause for filing of
such action. If the affidavit is filed as to a
defendant who is a physician licensed to treat
human ailments without the use of drugs or
medicines and without operative surgery, a
dentist, a podiatrist, or a psychologist, or a
naprapath, the written report must be from a
health professional licensed in the same
profession, with the same class of license, as
the defendant. For affidavits filed as to all
other defendants, the written report must be from
a physician licensed to practice medicine in all
its branches. In either event, the affidavit
must identify the profession of the reviewing
health professional. A copy of the written
report, clearly identifying the plaintiff and the
reasons for the reviewing health professional's
determination that a reasonable and meritorious
cause for the filing of the action exists, must
be attached to the affidavit. The report shall
include the name and the address of the health
professional.

The report of plaintiff's expert in orthodontics provides
in pertinent part:

After the Clinical Review for her mouth, it is my
opinion that the treatment plan designed for her
orthodontic treatment was not well prepared, and
did not take into consideration the actual the
upper wisdom teeth in both the right and left

> posterior quadrants, and subsequent
> extractions of the second permanent molars
> was contraindicated. If the objective of
> the treatment was to move the upper
> posterior segments distally into the
> extraction sites[,] the absence o[f] the 3rd
> molars provided that space, and therefore
> the additional extractions of the second
> molars was totally improper. In addition,
> there was no mechanics, ie., cervical
> headgear or lip bumpers, being employed to
> initiate the distal movement of the buccal
> segments necessary to improve the alignment
> of the anterior teeth. This incidentally
> was the primary objective of the patient for
> seeking orthodontic treatment.
>
> The treatment plan to be utilized for
> Jeanette was selected by another Dentist
> practicing in Minnesota and one that did not
> have Hands On active control of the
> orthodontic case to be done in Illinois.
>
> Because of these situations, it is my
> opinion that the diagnoses, treatment plan,
> and proposed orthodontic treatment for Ms.
> Sanchez are below the standard of care for
> orthodontic treatment when compared to
> similar services rendered by an orthodontic
> specialist licensed to practice that
> Specialty in the State of Illinois.

Witzig contends this report is deficient because it does not specify the treatment plan that was below standard. Witzig contends this is important because there was more than one treatment plan and that Witzig did not participate in all the

plans.[4] Witzig cites no case law regarding how specific the report must be.

The statute is to be liberally construed so as not to deprive a plaintiff of the right to seek redress for injuries. Brems v. Trinity Medical Center, 295 Ill. App. 3d 358, 693 N.E.2d 494, 497 (3d Dist. 1998); Moscardini v. Neurosurg, S.C., 269 Ill. App. 3d 329, 645 N.E.2d 1377, 1382 (2d Dist. 1994), appeal denied, 162 Ill. 2d 569, 652 N.E.2d 343 (1995). "If a single medical report in a medical malpractice action against multiple defendants is sufficiently broad to cover each defendant, adequately discusses deficiencies in the medical care given by the defendants, and establishes that a reasonable and meritorious cause exists for filing the action, the report can be considered sufficient to comply with section 2-622." Brems, 693 N.E.2d at 497. Also, it is sufficient to identify the records reviewed and to identify the actions that the reviewer believed were inappropriate or unnecessary and why. Moscardini, 645 N.E.2d at 1382. Here, the reviewing orthodontist has identified the procedures that he or she believed to be incorrect and why. Even assuming there was more than one treatment plan, the report

---

[4]In a portion of the report not quoted, plaintiff's expert identifies the treatment as that performed from December 1996 through March 1998. Witzig is not contending that plaintiff's expert may be referring to treatment by another dentist, but that Ballesteros provided more than one treatment plan.

sufficiently identifies the procedures that the reviewing orthodontist believes were inappropriate. Section 2-622 is satisfied.

Witzig's motion will be denied and he will be ordered to answer the amended complaint. Also, Ballesteros will be ordered to answer the amended complaint. Although he answered the original complaint, Ballesteros has yet to answer the amended complaint.

IT IS THEREFORE ORDERED that defendant Witzig's motion to dismiss the amended complaint is denied. Within two weeks, both defendants shall answer the amended complaint. All discovery shall be completed by October 16, 2000. Status hearing set for August 16, 2000 at 11:00 a.m. At the status hearing, the parties shall present a schedule listing the names, dates, times, and locations for all depositions that are to be taken, including any depositions of experts.

ENTER:

*[signature]*
UNITED STATES DISTRICT JUDGE

DATED: JULY 6, 2000